UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVE DAVEY, et al.,<br><br>  Defendants. | Case No.: 1:16-cv-00925-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR EMERGENCY PRELIMINARY INJUNCTION AND MOTION FOR ORDER TO SHOW CAUSE (ECF Nos. 7, 13, 14)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Edward Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2016. Currently before the Court are Plaintiff's motions for preliminary injunction, filed on July 15, 2016, and October 26, 2016, and Plaintiff's motion for the court to issue an order to show cause why a permanent injunction should not be issued. (ECF Nos. 7, 13, 14).

**I.  Background**

On October 24, 2016, the Court screened Plaintiff's first amended complaint and dismissed it with leave to amend within thirty (30) days. (ECF No. 12). On November 4 and November 18, 2016, Plaintiff filed consecutive motions for reconsideration of the Court's screening order by the district judge. (ECF Nos. 16, 17). The motions for reconsideration are currently pending, and a second amended complaint has not been filed.

## II. Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

In his initial motion for injunctive relief, Plaintiff requests that the Court order Defendant Warden Dave Davey and any other officers, agents or person in active concern and participation with defendant, his successor, agents, employees and all other persons working in concert with defendant to reinstate Plaintiff's single cell status and "permanently restrain said defendants from assigning any further[r] or future inmates into the cell with Plaintiff." (ECF No. 7 at p. 1). Plaintiff also requests an order restraining or prohibiting defendants from "further and future acts of any form of 'retaliations' and 'reprisal' (disciplinary or otherwise) against Plaintiff . . . resulting in any form of disciplinary punishments and confiscation of Plaintiff's real and personal property items (i.e. television, CD player, ADA-Cassette players, CDs, cassette tapes, books, and legal documents.) or restrict Plaintiff from his

'A-I-A' privilege group status . . . ." (ECF No. 7 at 2). Plaintiff's subsequent motion for a preliminary injunction seeks substantially similar relief. (ECF No. 14).

Plaintiff's first amended complaint was dismissed with leave to amend, and a second amended complaint has not been filed. Plaintiff also has filed motions for reconsideration of the Court's screening order dismissing the first amended complaint with leave to amend. As a result, at this stage of the proceedings, the Court does not have before it an actual case or controversy. The Court also does not have jurisdiction over the defendants in this action, as there has been determination that Plaintiff has stated cognizable claims for relief and no service of any complaint has been ordered. Thus, the Court does not have jurisdiction at this time to issue any injunctive relief. Until such time as there is an operative complaint with cognizable claims for relief, any requests for preliminary injunctive relief are premature.

### III. Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction, filed July 15 and October 26, 2016, and his related motion for an order to show cause, filed on October 26, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 26, 2017**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE

3