# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS, | Case No.: 1:16-cv-0925-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION |
| v. | |
| DAVE DAVEY, et al., | (ECF Nos. 16, 17) |
| Defendants. | |

## I.   Procedural Background

Plaintiff Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 24, 2016, the Magistrate Judge screened Plaintiff's first amended complaint. (ECF No. 12). The Magistrate Judge determined that Plaintiff's first amended complaint (which exceeded 100 pages, named more than forty-five (45) defendants and included events spanning from 2001 to 2016) was an apparent attempt to circumvent the page limitations related to electronic submission of prisoner litigation. (Id. at 2). Additionally, the Magistrate Judge determined that Plaintiff's first amended complaint also failed to comply with Federal Rule of Civil Procedure 8(a) and the requirement that a complaint contain a short and plain statement of the claim. (Id. at 3). The Magistrate Judge granted Plaintiff leave to amend his complaint within thirty (30) days, and directed that any amended complaint may not exceed twenty-five (25) pages. (Id. at 4).

On November 4, 2016, Plaintiff filed a motion for reconsideration of the Magistrate Judge's screening order. Plaintiff asserts that the Magistrate Judge's ruling should be reversed because (1) he did not consent to Magistrate Judge jurisdiction, and therefore the Magistrate Judge lacks jurisdiction to make any ruling, order or decision in this matter; (2) he has complied with all procedural

requirements; (3) he was entitled to amend his complaint as a matter of course; (4) his amended complaint was not subject to any page limitations; and (5) the Magistrate Judge erred in determining that his complaint details events spanning more than 15 years.  (ECF No. 16).  On November 18, 2016, Plaintiff filed a second motion for reconsideration, which is identical to the first motion.  (ECF No. 17).

## II.   Discussion

### A.  Legal Standard

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1). See Bhan v.NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991).  If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a); Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991).  A magistrate judge's factual findings or discretionary decisions are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Calderon v. Experian Inf. Solutions, Inc., 290 F.R.D. 508, 511 (D. Ida. 2013); Avalos v. Foster Poultry Farms, 798 F.Supp.2d 1156, 1160 (E.D. Cal. 2011); Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1110 (E.D. Cal. 2011).  This standard is significantly deferential.  Avalos, 798 F.Supp.2d at 1160.  The district court "may not simply substitute its judgment for that of the deciding court."  Grimes, 951 F.2d at 241; Avalos, 798 F.Supp.2d at 1160.  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Avalos, 798 F.Supp.2d at 1160; Jadwin, 767 F.Supp.2d at 1110 (E.D. Cal. 2011).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Calderon, 290 F.R.D. at 511; Jadwin, 767 F.Supp.2d at 1010-11.

### B.  Analysis

Plaintiff asserts that it was improper for the Magistrate Judge to issue the screening order because he did not consent to Magistrate Judge jurisdiction.  However, a party's decision to decline

Magistrate Judge jurisdiction affects only the Magistrate Judge's ability to issue rulings on dispositive matters. The screening order at issue, which required Plaintiff to file a second amended complaint, was not dispositive. 28 U.S.C. § 636(b); Local Rule 302(c). That Plaintiff does not consent to, or has expressly declined, magistrate judge jurisdiction in no way affects the validity of the screening order at issue or the ability of the magistrate judge to rule on non-dispositive matters or issue findings and recommendations. See Thompson v. Adams, 2014 U.S. Dist. LEXIS 74280, *1 (E.D. Cal. May 30, 2014); Hubbard v. Mendes, 2014 U.S. Dist. LEXIS 35453, *2 (E.D. Cal. Mar. 17, 2014); Fratus v. California Dept. of Corr., 2013 U.S. Dist. LEXIS 44226, *1-*2 (E.D. Cal. Mar. 27, 2013); Local Rule 302.

Further, the Magistrate Judge's determination that the amended complaint was an attempt to circumvent the initial page limitations for electronic filing was not clearly erroneous or contrary to law. The Magistrate Judge correctly determined that Plaintiff is currently incarcerated at California State Prison, Corcoran, which is a state prison facility participating in a pilot program allowing for the initial electronic filing of prisoner complaints, not to exceed twenty-five pages in length, in civil rights cases involving conditions of confinement claims. (ECF No. 12 at 2). See Standing Order, In Re: Procedural Rules For Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated At Participating Penal Institutions, March 1, 2016, at ¶ 4. The Magistrate Judge also correctly determined that while Plaintiff's original complaint complied with the initial page limitations, Plaintiff waited less than a month before filing an amended complaint that is well in excess of the court-ordered initial 25-page limitation. (ECF No. 12 at 2-3). The Court does not find that the Magistrate Judge's inference that Plaintiff's amended complaint was an attempt to circumvent the initial electronic filing requirements was clearly erroneous. As Plaintiff demonstrates in his motions for reconsideration, he filed his lengthy amended complaint in this action because he believes that "there is no way" he could link his 45 defendants to the alleged constitutional deprivations and violations within the 25 pages of his initial complaint. (ECF No. 16 at 8-9). Plaintiff further admits that, prior to initiating this action, he sought leave to exceed the initial page limits for these claims by filing a motion for exemption from the e-filing page limitations in *Thomas v. Strainer, et al.*, Case No. 1:16-mc-00030-LJO-SAB. Plaintiff's motion was denied initially and on reconsideration. Following these denials, Plaintiff

initiated this action on June 27, 2016, by submitting a complaint in compliance with the e-filing page limits.  (ECF No. 16 at 2-3).  However, Plaintiff promptly filed an amended complaint in excess of 100 pages approximately one month later.  (ECF No. 8).  Given these circumstances, the Court is not convinced that the Magistrate Judge committed a mistake by finding that the amended complaint was "an attempt to circumvent the initial page limitations contemplated by this Court."  (ECF No. 12 at 2).

Moreover, Plaintiff's lengthy amended complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  It is within the Court's authority to control its docket, see Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986), and district courts may enforce the requirements of Rule 8 by setting reasonable page limitations on the length of a pleading.  See Lamon v. Ellis, 584 Fed. Appx. 514, 515 (9th Cir. 2014); Harris v. NYU Langone Med. Ctr., 2013 U.S. Dist. LEXIS 99328, *115-*116 (S.D. N.Y. July 9, 2013) (and cases cited therein); Knapp v. Cate, 2010 U.S. Dist. LEXIS 98997, *10 (E.D. Cal. Sep. 7, 2010); see also Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1112 (10th Cir. 2007).  A review of Plaintiff's amended complaint demonstrates why a page a limitation is necessary:  it is four times larger than the page limit set by the standing order, it contains many extraneous and irrelevant allegations, includes conduct spanning from 2001 to 2016,[1] and may include claims against many defendants that are based on separate and distinct transactions/occurrences, cf. Fed. R. Civ. P. 20(a)(2)(A).[2]

Once Plaintiff files a second amended complaint that complies with Rule 8 and the 25-page limit, it will be screened.  If the second amended complaint does not allege plausible claims, it will be dismissed with leave to amend.  If, during the screening process, the Magistrate Judge determines that

---

[1] The Court notes that Plaintiff objects that the Magistrate Judge mischaracterized his complaint as seeking relief for actions that occurred in 2001 forward.  However, the Magistrate Judge merely noted that the amended complaint contains allegations that span a time from 2001 to 2016, which is a true statement.  It is understood that Plaintiff is seeking relief for conduct that occurred between 2014 and 2016.

[2] The Court is not holding that the amended complaint violates Rule 20 at this time.  Because of the violation of Rule 8, it is enough to note that there is a possible Rule 20 problem.

4

it is appropriate to alter the page limitation, the Magistrate Judge may do so. In the meantime, Plaintiff will comply with the 25-page limitation and Rule 8.

Plaintiff's remaining arguments also are not persuasive, and the motion for reconsideration shall be denied.[3]

### III. Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motions for reconsideration, filed on November 4 and November 18, 2016, are DENIED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint, which may not exceed twenty-five (25) pages; and
3. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim without further notice</u>.

IT IS SO ORDERED.

Dated:   March 6, 2017              _____
                                     SENIOR DISTRICT JUDGE

---

[3] The Court notes that Plaintiff objects that the Magistrate Judge overlooked Rule 15, which permits a litigant to file an amended complaint as a matter of course within 21 days of serving the original complaint. However, the issue is not Rule 15, the issue is Rule 8. As discussed above, the amended complaint does not comply with Rule 8 because of its length and inclusion of extraneous and unnecessary information.