1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD THOMAS,                              1:16-cv-00925-AWI-BAM (PC)

12                    Plaintiff,

13            v.                                  ORDER DENYING  PLAINTIFF'S MOTION
                                                 FOR APPOINTMENT OF COUNSEL
14    DAVE DAVEY, et al.,                         WITHOUT PREJUDICE

15                    Defendants.                 (ECF No. 20)

16

17

18           Plaintiff Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma

19    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is

20    Plaintiff's motion for the appointment of counsel filed on March 1, 2017.  In support of his

21    motion, Plaintiff explains that he is incarcerated, has limited education and experience and is

22    without funds to hire counsel, pay costs or fund experts.  Plaintiff requests counsel so that his

23    interests will be protected and he will be afforded due process of law based on the complexity of

24    issues.  Plaintiff asserts that his ability to marshal evidence and interview witnesses is limited

25    based on his incarceration.  Plaintiff also requests counsel so that counsel may prepare for an

26    evidentiary hearing and/or requests for discovery.  He asserts that this case may require

27    depositions, extensive documentary evidence or access to witnesses.  Plaintiff believes that he has

28    set forth a colorable claim for relief.  (ECF No. 20.)

                                                1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances, and Plaintiff has not identified any circumstances warranting appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff has not yet filed an amended complaint pursuant to this Court's orders, and there has been no finding that he has stated a cognizable claim for relief. Additionally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

For these reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   __**March 14, 2017**__          ___/s/ *Barbara A. McAuliffe*___
                                                    UNITED STATES MAGISTRATE JUDGE

2