UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-00925-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 29) |

    Plaintiff Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 1, 2017, Plaintiff filed a motion for the appointment of counsel, which the Court denied without prejudice on March 14, 2017. (ECF Nos. 20, 24.) Currently before the Court is Plaintiff's second motion for the appointment of counsel filed on March 27, 2017. As with his prior request, Plaintiff explains that he is incarcerated and is without funds to hire counsel, pay costs or fund experts. Plaintiff requests counsel so that his interests will be protected and he will be afforded due process of law based on the complexity of issues. Plaintiff asserts that his ability to marshal evidence and interview witnesses is limited based on his incarceration, and that this case may require depositions, extensive documentary evidence or access to witnesses. Plaintiff believes that he has set forth a colorable claim for relief. (ECF No. 29.)

1

As has been explained, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances, and Plaintiff has not identified any circumstances warranting appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily from indigent prisoners proceeding without representation. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's second amended complaint has not been screened, and there has been no determination that Plaintiff has set forth a cognizable claim for relief.[1] More importantly, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. For these reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's second amended complaint, filed on March 27, 2017, will be screened in due course.

2