# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00925-AWI-BAM (PC)<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 28)<br><br>THIRTY-DAY DEADLINE |

**I.　　Screening Requirement and Standard**

Plaintiff Edward Thomas ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 27, 2016. On October 24, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 12.) Plaintiff's second amended complaint, filed on March 27, 2017, is currently before the Court for screening. (ECF No. 28.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison, Corcoran ("Corcoran"), where the events in the complaint are alleged to have occurred. Plaintiff names sixty (60) individual defendants, including correctional officers, correctional counsellors and appeals coordinators. Plaintiff also names eight (8) doe defendants.

In addition to naming numerous defendants, Plaintiff also asserts numerous claims concerning various events occurring during his incarceration at Corcoran, including, but not limited to, claims that (1) he has been forced to cell with rival gang members, (2) he has been improperly classified as a Compton Piru Blood with an "R" suffix, (3) his property has been illegally confiscated, (4) false disciplinary reports have been prepared, (5) his due process rights have been violated in connection with various disciplinary proceedings, (6) his inmate grievances have been improperly rejected, cancelled or processed; (7) his First Amendment religious rights have been violated; (8) defendants

have been deliberately indifferent to his mental health needs related to his single cell status and his confidential mental health information has been disclosed; (9) he was denied a transfer based on fabricated information, and (10) he was falsely charged with battery on an officer, resulting in administrative segregation.

**III. Discussion**

Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20. As Plaintiff proceeds in pro se, he will be given an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

**A. Pleading Standards**

1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's second amended complaint is neither short nor plain. Rather, Plaintiff's allegations concern multiple events occurring at various times during his incarceration at Corcoran, and he names more than sixty-five different defendants. Many of Plaintiff's allegations are based on conjecture or are conclusory in nature. If Plaintiff chooses to amend his complaint, he must set forth factual allegations sufficient to state a claim for relief that is plausible on its face.

2. Federal Rules of Civil Procedure 18 and 20

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a

single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact.

Plaintiff's assertion of a conspiracy also is not sufficient to permit multiple claims against multiple parties to proceed in this action. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). A bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Moreover, Plaintiff's claims of conspiracy are speculative and he presents no facts to show a meeting of the minds to violate his constitutional rights.

In any amended complaint, Plaintiff must choose which defendants and claims he wishes to pursue in this action. As indicated, Plaintiff may not pursue each and every claim that he may have against the more than sixty-five defendants in this action. Therefore, his amended complaint shall not exceed twenty-five (25) pages in length, which should be adequate to allege claims only against properly joined defendants. If Plaintiff's amended complaint continues to improperly join claims and defendants, however, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.

///

4

### 3. Section 1983 Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### 4. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

///

**B. Legal Standards**

1. First Amendment

    a. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

    b. Religion

"Inmates ... retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997), *overruled in part by Shakur*, 514 F.3d at 884–85.

2. Eighth Amendment

    a. Safety

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041. 1045 (9th Cir. 2006.) Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in

prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer*, 511 U.S. at 833-34 (quotation marks omitted); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate. It is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841 (quotations omitted); *Clem*, 566 F.3d at 1181, *Hearns*, 413 F.3d at 1040.

b. Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. Deliberate indifference is a high legal standard. *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. at 837.

3. Fourteenth Amendment – Due Process

a. Disciplinary Proceedings

The Due Process Clause protects prisoners from being deprived of life, liberty or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges: (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner

7

may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id*. at 563-71. Confrontation and cross examination are not generally required. *Id*. at 567.

### b. Deprivation of Property

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir.1984).

If Plaintiff is complaining about an unauthorized or negligent deprivation of property, Due Process is satisfied if there is a meaningful post-deprivation remedy available. *Hudson*, 468 U.S. at 533. California law provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810–895).

### c. Classification Status

The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976). The existence of a liberty interest created by state law is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require

procedural protections."). Here, Plaintiff has alleged no facts that establish the existence of a liberty interest with respect to the assignment of the "R" suffix designation. The assignment of an "R" suffix and the resulting increase in custody status and loss of privileges simply do not "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Neal*, 131 F.3d at 830; *Cooper v. Garcia*, 55 F. Supp.2d 1090, 1101 (S.D. Cal. 1999); *Johnson v. Gomez*, No. C 95-20717 RMW, 1996 WL 107275 at *2-5 (N.D. Cal. 1996).

### d. False reports/evidence

Plaintiff alleges that various defendants wrote false reports. The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (claims based on the falsity of charges, standing alone, do not state constitutional claims); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("[A] prison inmate has no constitutionally guaranteed immunity from being falsely accused or conduct which may result in the deprivation of a protected liberty interest."), reh'g denied, 826 F.2d 194 (2d Cir. 1097), cert. denied, 485 U.S. 982 (1988); *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).

### e. Grievances

Plaintiff appears to bring suit against various defendants based on the handling and denial of his inmate appeals (grievances), including the cancellation of appeals. However, Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative processing or review of his prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, *Iqbal*, 556 U.S. at 677; *Jones v. Williams*, 297 F.3d 930, 934 (9th

Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance or appeal, *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

### IV. Conclusion and Order

For the reasons discussed, Plaintiff's second amended complaint shall be dismissed with leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed with leave to amend for failure to comply with Federal Rules of Civil Procedure 8, 18 and 20;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint;

3. Plaintiff's third amended complaint may not exceed twenty-five (25) pages; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **June 21, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE