**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD THOMAS, | ) Case No.: 1:16-cv-00925-AWI-BAM (PC) |
| Plaintiff, | )<br>) ORDER DENYING REQUEST FOR PRIORITY |
| v. | ) SCREENING OF SECOND AMENDED<br>) COMPLAINT AS MOOT |
| DAVE DAVEY, et al., | ) (ECF No. 30) |
| Defendants. | )<br>) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PLAINTIFF'S MOTIONS FOR |
| | ) EMERGENCY PRELIMINARY INJUNCTION |
| | ) AND RESTRAINING ORDER |
| | ) (ECF Nos. 21, 30) |
| | )<br>) FOURTEEN-DAY DEADLINE |
| | )<br>) |
| | ) |

Plaintiff Edward Thomas ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 27, 2016. Currently before the Court are Plaintiff's motions for preliminary injunction and restraining order, filed on March 1, 2017, and May 8, 2017. (ECF Nos. 21, 30.) Plaintiff also has requested priority screening of his second amended complaint. (ECF No. 30.)

## I. Background

On October 24, 2016, the Court screened Plaintiff's first amended complaint and dismissed it with leave to amend within thirty (30) days. (ECF No. 12.) On November 4 and November 18, 2016,

Plaintiff filed consecutive motions for reconsideration of the Court's screening order by the district judge. (ECF Nos. 16, 17.)

On March 1, 2017, Plaintiff filed a motion for preliminary injunction and restraining order against defendants at Corcoran State Prison and Warden Dave Davey. (ECF No. 21.)

On March 6, 2017, the District Court denied Plaintiff's motions for reconsideration of the screening order dismissing his complaint with leave to amend. The Court directed Plaintiff to file his amended complaint within thirty (30) days. (ECF No. 22.)

On March 27, 2017, Plaintiff filed his second amended complaint. (ECF No. 28.)

Thereafter, on May 8, 2017, Plaintiff filed a motion for priority screening of his second amended complaint, along with a motion for preliminary injunction and restraining order. (ECF No. 30.)

On June 22, 2017, the Court screened Plaintiff's complaint and dismissed it with leave to amend within thirty (30) days. (ECF No. 33.)

## II.    Discussion

### A.    Request for Priority Screening

Plaintiff's request for priority screening of his second amended complaint is now moot because the Court screened that complaint on June 22, 2017. Accordingly, Plaintiff's request for priority screening is HEREBY DENIED.

### B.    Motions for Preliminary Injunction and Restraining Order

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual

case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Lyons</u>, 461 U.S. at 102; <u>Valley Forge Christian Coll.</u>, 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Serv.</u>, 753 F.2d 719, 727 (9th Cir.1983); <u>see</u> Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

As indicated, Plaintiff filed a motion for preliminary injunction and restraining order on March 1, 2017. By that motion, Plaintiff seeks immediate release from disciplinary segregation and return to single cell status, an order for defendants to return all of his "real, personal, and legal Property" and compensation in return for agreeing to withdraw four inmate property appeals. Plaintiff also seeks transfer to another prison or release from the custody of the California Department of Corrections and Rehabilitation. (ECF No. 21.) Plaintiff filed a "secondary" motion for emergency preliminary injunction and restraining order on May 8, 2017. (ECF No. 30.)

Plaintiff's second amended complaint was dismissed with leave to amend, and a third amended complaint has not been filed. As a result, at this stage of the proceedings, the Court does not have before it an actual case or controversy. The Court also does not have jurisdiction over the defendants in this action, as there has been no determination that Plaintiff has stated cognizable claims for relief, no service of any complaint has been ordered and no defendants have appeared in this action. Thus, the Court does not have jurisdiction at this time to issue any injunctive relief. Until such time as there is an operative complaint with cognizable claims for relief, any requests for preliminary injunctive relief are premature.

### III.    Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motions for a preliminary injunction and restraining order, filed March 1 and May 8, 2017, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14)**

**days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 22, 2017**                    /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE