# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-00925-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF Nos. 37, 41)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on June 27, 2016. (ECF No. 1.)

On June 22, 2017, the Court issued an order dismissing Plaintiff's second amended complaint and granting leave to file an amended complaint within thirty days. (ECF No. 33.) On August 3, 2017, Plaintiff filed the instant "Motion for Court Order." (ECF No. 37.) Plaintiff filed a supplement in support of his motion on September 15, 2017. (ECF No. 41.) Plaintiff requests a court order granting access to his typewriter, legal property, and access to the law library, due to an injury to his right hand that occurred on July 26, 2017. The Court construes this filing as a motion for preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction

1

may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); SEC v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). In this case, Plaintiff has not yet filed an amended complaint, the Court has not screened Plaintiff's amended complaint to determine whether it states a cognizable claim, no defendant has been ordered served, and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendant and it cannot issue an order requiring it to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138−39.

Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general or over Plaintiff's litigation issues. Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. Summers, 555 U.S. at 492-93; Mayfield, 599 F.3d at 969. The Court cannot order prison staff to provide litigation supplies to Plaintiff.

To the extent Plaintiff's motion seeks an extension of time to file his amended complaint, Plaintiff has recently been granted a second extension of time, and therefore the request will be denied as moot. Plaintiff's amended complaint is currently due on or before November 20, 2017. (ECF No. 43.)

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 37) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **November 6, 2017**        /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE