# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00925-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 46) |

Plaintiff Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 22, 2017, the Court dismissed Plaintiff's second amended complaint with leave to amend. (ECF No. 33.) On November 16, 2017, Plaintiff filed a third amended complaint and the instant motion to appoint counsel. (ECF Nos. 45, 46.) Plaintiff previously filed motions to appoint counsel on March 1, 2017, (ECF No. 20), and March 27, 2017, (ECF No. 29). Both of these motions were denied, as the Court found that this matter did not present exceptional circumstances. (ECF Nos. 24, 32.)

The instant motion appears to be a photocopy of Plaintiff's prior motions to appoint counsel. Plaintiff again explains that he is incarcerated, has limited education and experience and is without funds to hire counsel, pay costs or fund experts. Plaintiff requests counsel so that his interests will be protected and he will be afforded due process of law based on the complexity of

1

issues. Plaintiff asserts that his ability to marshal evidence and interview witnesses is limited based on his incarceration. Plaintiff also requests counsel so that counsel may prepare for an evidentiary hearing and/or requests for discovery. He asserts that this case may require depositions, extensive documentary evidence or access to witnesses. Plaintiff believes that he has set forth a colorable claim for relief. (ECF Nos. 24, 32, 46.)

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed motion for the appointment of counsel, but again does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims of failure to protect filed by prisoners proceeding pro se and in forma pauperis almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff has just filed a third amended complaint, which will be screened in due course. The Court has not yet found that Plaintiff has stated a cognizable claim for relief. Also, based on a review of the limited record in this case, the Court

does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's motion for the appointment of counsel (ECF No. 46) is HEREBY DENIED, without prejudice. Any further requests for appointment of counsel on similar grounds will summarily be denied.

IT IS SO ORDERED.

Dated: **November 17, 2017**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE