UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00925-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN (14) DAY DEADLINE<br><br>ECF No. 45 |

### I.　Screening Requirement and Standard

Plaintiff Edward Thomas ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on June 27, 2016. On October 24, 2016, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 12.) On June 22, 2017, the Court dismissed Plaintiff's second amended complaint with leave to amend. (ECF No. 33.) Plaintiff's third amended complaint filed on November 16, 2017 is currently before the Court for screening. (ECF No. 45.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events are alleged to have occurred at Corcoran State Prison ("Corcoran"). Plaintiff names over 50 individual defendants (reduced from sixty (60) individuals in prior pleadings), including the warden, associate wardens, correctional officers, correctional counsellors and appeals coordinators. Plaintiff also names eight (8) doe defendants.

In addition to naming over 50 defendants, Plaintiff also asserts numerous claims concerning various events occurring during his incarceration at Corcoran, including, but not limited to, claims that (1) he has been forced to cell with rival gang members, (2) he has been improperly classified as a Compton Piru Blood with an "R" suffix, (3) his property has been illegally confiscated, (4) false disciplinary reports have been prepared, (5) his due process rights have been violated in connection

with various disciplinary proceedings, (6) his inmate grievances have been improperly rejected, cancelled or processed; (7) his First Amendment religious rights have been violated; (8) defendants have been deliberately indifferent to his mental health needs related to his single cell status and his confidential mental health information has been disclosed; (9) he was denied a transfer based on fabricated information, and (10) he was falsely charged with battery on an officer, resulting in administrative segregation.

### III. Discussion

#### A. The Third Amended Complaint fails to Comply with Federal Rule of Civil Procedure 8, 18 and 20

Despite repeated warnings in prior screening orders, Plaintiff's third amended complaint continues to fail to comply with Federal Rules of Civil Procedure 8, 18, and 20. Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's third amended complaint is neither short nor plain. Rather, it is 25 pages of densely compacted written text describing numerous incidents and purported alleged violations. Plaintiff's allegations concern multiple events occurring at various times during his incarceration at Corcoran, and he names more than fifty different defendants. Many of Plaintiff's allegations are based on conjecture or are conclusory in nature. For instance, Plaintiff alleges "J.S. Velesquez, Joel Alvarado, M. Robicheaux, V.R. Ochoa, J. Scalia, D. Delussa and R. Roque collectively conspired to criminally implicate Plaintiff in a crime of battery on a peace officer resulting in the use of force and double jeopardy secondary charge of assault." (ECF NO. 45, p. 11 of 26.) No facts support this conclusory allegation. Rather, plaintiff states further conclusions: "Based on falsification, [sic] frabrication of state documents that neither identify nor positively confirmed plaintiff in any way, shape or form

participated within the claimed 'melee' on 1/23/17." *Id.* Plaintiff was previously cautioned in multiple screening orders that he must state a short plain statement of facts showing he is entitled to relief, and conclusory allegations would not suffice, but he has failed to do so after being given multiple opportunities and guidance from the Court.

In addition, Plaintiff also was previously cautioned in prior screening orders that Plaintiff may not pursue allegations against multiple parties involving multiple claims in this action. He was instructed that a party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. As state above, Plaintiff's allegations run the gamut from (1) he has been forced to cell with rival gang members, (2) he has been improperly classified as a Compton Piru Blood with an "R" suffix, (3) his property has been illegally confiscated, (4) false disciplinary reports have been prepared, (5) his due process rights have been violated in connection with various disciplinary proceedings, (6) his inmate grievances have been improperly rejected, cancelled or processed; (7) his First Amendment religious rights have been violated; (8) defendants have been deliberately indifferent to his mental health needs related to his single cell status and his confidential mental health information has been disclosed; (9) he was denied a transfer based on fabricated information, and (10) he was falsely charged with battery on an officer, resulting in administrative

segregation. These differing claims do not arise out of the same transaction or occurrence and do not share common questions of law or fact. Despite these Court cautions, Plaintiff continues to pursue unrelated claims involving a set of defendants while simultaneously pursuing other unrelated claims against different sets of defendants.

Plaintiff was told that Plaintiff may not pursue each and every claim that he may have against the dozens of defendants in this action. Yet, Plaintiff failed to heed this Court's order and continues to name over 50 different individual defendants for unrelated claims. Indeed, Plaintiff's complaint details various events taking place between 2014 to the present and involves a multitude of defendants.

Plaintiff was also warned that Plaintiff's assertion of a broad conspiracy among the defendants is not sufficient to permit multiple claims against multiple parties to proceed in this action. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001). A bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983.

Plaintiff has not followed the Court's orders in curing these pleading deficiencies. For instance, Plaintiff's conclusory allegations of an overarching conspiracy among the fifty or so defendants to deprive Plaintiff of his constitutional rights fail to state a plausible claim. Plaintiff's claims of conspiracy are speculative and he presents no facts to show a meeting of the minds to violate his constitutional rights. Plaintiff does not purport to set forth any factual allegations from which any reasonable inference could be drawn to support the existence of such a wide ranging "conspiracy." He was provided the standards for alleging a conspiracy and has been unable or unwilling to comply.

Further, while the third amended complaint "groups" together some defendants and alleges some facts as to them, these allegations fail to comply with Rule 8 and 18. It is impossible to tell what he alleges are the wrongs, aside from the entirety of his contacts with each defendant, as the allegations are in conclusory terms. For instance, Plaintiff alleges that on 2/2/17 he told Defendant K. Matta that Plaintiff had nothing to do with the 1/23/17 excessive force against an officer, but K. Matta refused to intervene and investigate Plaintiff's claims. (ECF No. 45, p.11 of 26.) The Court assumes

5

this allegation is part of a grand conspiracy as well, but it is unclear. As another example, Plaintiff details more than 20+ items of his property that Plaintiff alleges "were stolen by Defendant Jorge (Whorehey) A.M. Gonzales, B. Odle, P. Vellido, H. Rodriguez, T. Nolan and S. Longoria." (ECF No. 45, p. 14 of 26.) Absent basic facts as to who "stole" what and under what circumstances, the Court cannot determine whether Plaintiff has stated a plausible claim on the face of his complaint. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court has made a diligent attempt to parse the lengthy diatribe of Plaintiff's interactions with over 50 people into cognizable claims. It is not, however, the Court's responsibility to ferret out cognizable claims. "The Court is not obligated to endlessly sift through plaintiff's confusing factual allegations in an attempt to construct cognizable claims on plaintiff's behalf." *Polk v. Beard*, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *5 (C.D. Cal. June 20, 2014), report and recommendation adopted, No. EDCV 13-1211-BRO RNB, 2014 WL 4757503 (C.D. Cal. Sept. 24, 2014), aff'd, No. 14-56884, 2017 WL 2839502 (9th Cir. July 3, 2017). "It is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims." *Pianka v. Unknown Palmer*, 2014 WL 6983337, *2 (D. Ariz. 2014). Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's third amended complaint contains the same fundamental deficiencies. Based upon the allegations in Plaintiff's original complaint, first amended complaint, and second amended complaint, the Court is persuaded that Plaintiff is unable to allege facts to satisfy Rule 8, 18 and 20.

Plaintiff has been repeatedly warned of the deficiencies in his complaint, with particular emphasis on the requirement that his complaint must comply with the applicable joinder rules. Despite the warning and the opportunity to pursue certain cognizable claims, Plaintiff opted to file a deficient third amended complaint. At this juncture, the Court will not expend its already taxed and scarce judicial resources parsing through Plaintiff's third amended complaint to determine which causes of action should proceed against which defendants.

///

**B. Futility of Amendment**

In dismissing a complaint for failure to obey a court order, or for gross pleading deficiencies, which is what Rules 8, 18, and 20 encompass, the Ninth Circuit has generally held that "a district court should grant leave to amend even if no request to amend was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Doe v. U.S.,* 58 F.3d 494, 497 (9th Cir. 1995) quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Service*, 911 F.2d 242, 247 (9th Cir. 1990). However, the policy of freely allowing a motion to amend is overcome by situations in which there has been undue delay, bad faith, prejudice, and futility. *Harris v. Secretary of Housing and Urban Development*, 2014 WL 6060171 *11 (E.D. Cal. Nov. 12, 2014); see *Cal. Architectural Bldg. Prod., Inc. v. Francisan Ceramics, Inc*., 818 F.2d 1466, 1472 (9th Cir. 1988). In any event, the court does not have to allow futile amendments. In fact, the Ninth Circuit held in *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983), *cert. denied,* 464 U.S. 822 (1983), that "futile amendments should not be permitted." (Emphasis added.). A district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, the Court finds that allowing Plaintiff to amend, yet again, would be a futile act. Plaintiff has repeatedly failed to state a claim in the manner required by Federal Rule of Civil Procedure 8, 18 or Rule 20 despite specific and repeated guidance by the Court. The Court instructed Plaintiff that he may not bring unrelated claims and must allege a short plain statement of his claims. District courts have particularly broad discretion to dismiss without leave to amend based on futility where a plaintiff has amended once already. Here, the Court offered Plaintiff repeated guidance and provided Plaintiff with legal standards, yet Plaintiff either refused to or otherwise is unable to comply with the Court's orders. *See Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009). Plaintiff is either unwilling or unable to follow the Court's instructions despite having had three efforts to plead in compliance.

///

///

**C. Factors to Determine Whether to Dismiss**

Fed.R.Civ.P. 41(b) accords a district court the discretion to dismiss a plaintiff's action because of his or her failure to prosecute, to comply with any order of the court, or to comply with the Federal Rules of Civil Procedure. See, e.g., *Hearns v. San Bernardino Police Dep't.*, 530 F.3d 1124, 1129 (9th Cir. 2008). In determining whether to dismiss an action for failure to comply with a court order or Rule 8, a court "must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.' " *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (quoting *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986)).

The Court finds that the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh strongly in favor of dismissal. Plaintiff, in three amended pleadings, has been unable to comply with requisite pleading standards. The Court provided Plaintiff with a detailed explanation of the deficiencies of his claims and apprised him of the legal standards for stating a claim on which relief may be granted. Each time the Court screened a complaint, Plaintiff filed extensive objections or other motions (See e.g. ECF No. 12, 16, 17, 18, 22, 25, 30, 33.) After the panoply of Plaintiff's objections and motions were considered and determined and Plaintiff filed the next-in-line amended complaint, that amended complaint entirely failed to remedy the deficiencies of his earlier pleading as required by court order, resulting in another round of Court screening and a battery of Plaintiff's objections and accompanying motions. The Court does not find that an additional opportunity to amend the complaint would remedy any of the deficiencies of the complaint. Many other litigants compete for the Court's attention in order to reach "the just, speedy and inexpensive determination of every action and proceeding" as Federal Rule of Civil Procedure 1 mandates. Continued maintenance of this action diverts needed resources from other cases in need of equal attention.

The third factor—prejudice to defendants—also weighs in favor of dismissal. Although no defendants have yet appeared in this action, the Ninth Circuit has recognized that "[p]rolix, confusing

complaints ... impose unfair burdens on litigants and judges." *See McHenry v. Renee,* 84 F.3d at 1172, 79 (9th Cir. 1996); see also, e.g., *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (finding denial of leave to amend a complaint that was extraordinarily prolix was within the district court's discretion and that the lengthy pleading would prejudice the opposing party because it would "burden her adversary with the onerous task of combing through a 733–page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated"). Here, Plaintiff has been granted multiple opportunities to amend, given legal standards, yet continues to name over 50 different defendants for discrete and unrelated acts in pleadings which are convoluted and disjoined. The Court finds that permitting Plaintiff to proceed with his claims would place an unfair burden on defendants in discerning which of Plaintiff's claims they must respond to and which defendant is responsible for which wrongful act.

The fourth factor—public policy of disposition of cases on their merits—runs against the dismissal. But, standing alone, it is insufficient to overcome the benefits to the action proposed. See, e.g., See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (even if two factors weigh against dismissal, "they would not outweigh the other three factors that strongly support dismissal") (citing *Malone v. United States*, 833 F.2d 128, 133 n. 2 (9th Cir. 1987) (noting that, although the fourth factor weighed against dismissal, "it is not sufficient to outweigh the other four factors, which in this case support dismissal")).

The fifth factor—the availability of less drastic alternatives—weighs strongly in favor of dismissal. The only other alternative to dismissal is to dismiss the complaint without prejudice and allow plaintiff to amend one more time, which the Court has already permitted without success. The Court has given Plaintiff the legal standards for the purported claims and addressed each of his many objections, motions, and clarifications. The Court has granted nearly all of Plaintiff's requests for extensions of time to amend his pleading. Given the history of this case, and the pleading choices of the Plaintiff to date, it is clear that Plaintiff has failed to amend his pleading in any substantive manner to comply with the Court's orders and to advance the case beyond the mere complaint level. Rather, Plaintiff has advanced pleadings in a manner guaranteed to invite additional delay and motion practice, with the attendant resource-zapping use of judicial resources, favors the Court's

recommendation to dismiss the case with prejudice. Thus, granting Plaintiff yet another opportunity to amend his pleading would be futile. *See Desoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992); *Taylor v. Wells Fargo Bank, N.A*., 2015 WL 925741 (E.D. Cal. Feb. 27, 2016). Thus, four of the five factors weigh strongly in favor of dismissal. These factors, coupled with Plaintiff's litigation history in this case warrants dismissal of this action with prejudice.

**IV.     Conclusion and Order**

Accordingly, it is HEREBY RECOMMENDED that:

This action be DISMISSED with PREJUDICE pursuant to Rule 41(b) for failure to comply with Rule 8, 18 and 20 and for failure to follow Court orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 1, 2017**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE